**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIAM F. CARADINE/ASSABUR                                                                PLAINTIFF
ADC #90785

V.                                       NO: 5:11CV00038 SWW/HDY

RAY HOBBS *et al.*                                                                                    DEFENDANTS

**ORDER**

Plaintiff William F. Caradine/Assabur, currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction, filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on February 17, 2011, and a brief in support on March 3, 2011 (docket entry #2). Plaintiff did not pay the $350.00 filing fee, or file an application for leave to proceed *in forma pauperis*. Because Plaintiff is not entitled to *in forma pauperis* status, his complaint must be dismissed.

Under the three-strikes provision of the Prison Ligation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that

Plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Caradine/Assabur v. University of Arkansas for Medical Sciences et al.*, 4:10CV1960, docket entry #8 (E.D. Ark. January 4, 2011); *Caradine/Assabur v. Social Security Administration*, 4:10CV1961, docket entry #10 (E.D. Ark. January 11, 2011); *Caradine/Assabur v. Little Rock Police Department*, 4:10CV1962, docket entry #11 (E.D. Ark. January 12, 2011).

The Court also finds, based on the allegations of Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff alleges that he is being denied the one hour per day of activity time to which he is entitled. The facts alleged do not describe imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 8th day of March, 2011

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE